**WILLKIE FARR & GALLAGHER LLP**
NICHOLAS REDDICK (SBN 288779)
  nreddick@willkie.com
ERICA S. MIRANDA (SBN 325188)
  emiranda@willkie.com
333 Bush Street, 34th Floor
San Francisco, CA 94104
Telephone: (415) 858-7400

Attorneys for Defendant
DRISCOLL'S, INC.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTINA WASHINGTON, individually and on behalf of all others similarly situated,<br><br>                    Plaintiff,<br><br>        v.<br><br>DRISCOLL'S, INC.,<br><br>                    Defendant. | Case No.  3:26-cv-06961<br><br>**NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT; COPY OF STATE COURT FILE**<br><br>[Removed from Santa Cruz Superior Court, No. 26CV02011]<br><br>Complaint Filed:  June 18, 2026 |

TO THE CLERK OF THE ABOVE-ENTITLED COURT AND PLAINTIFF AND HER ATTORNEYS OF RECORD:

Pursuant to 28 U.S.C. §§ 1332(d), 1441(a), 1446, and 1453, Defendant Driscoll's, Inc. ("Driscoll's") hereby gives notice of removal of Case No. 26CV02011, which was filed in the Superior Court of the State of California for the County of Santa Cruz.

IN SUPPORT THEREOF, Driscoll's states as follows:

## I.    PROCEDURAL BACKGROUND

1. On June 18, 2026, Plaintiff Christina Washington ("Plaintiff") filed a Complaint in the Superior Court of the State of California in Santa Cruz County (the "Complaint"). A true and correct copy of the Complaint is attached hereto as **Exhibit A**.

2. On June 30, 2026, Plaintiff sent to Defendant a copy of the Complaint and asked if Defendant would waive service. Defendant agreed to waive service on July 3, 2026 on the condition that Plaintiff stipulate to allow 60 days for Defendant to respond to the complaint. Plaintiff provided Defendant with a notice and acknowledgment of receipt of the Complaint and corresponding documents on July 8, 2026, which Defendant executed on the same date. Also on July 8, Plaintiff and Defendant entered into and filed in the Superior Court action a joint stipulation to extend Defendant's time to respond to the Complaint to August 28, 2026. A true and correct copy of the Summons is attached hereto as **Exhibit B**. A true and correct copy of Defendant's executed waiver of service is attached hereto as **Exhibit C**. A true and correct copy of the Parties' stipulation to extend Defendant's time to respond to the Complaint, filed July 8, 2026, is attached hereto as **Exhibit D**.

3. In the Complaint, Plaintiff alleges that certain of Driscoll's "marketing, labeling, and sale of Strawberries" purportedly failed to disclose the possible presence of PFAS-related compounds, and that Driscoll's simultaneously "greenwash[ed] its true farming and manufacturing practices[.]" Compl. ¶ 1. Plaintiff asserts four causes of action against Driscoll's, a California-headquartered company, under California law: (1) violation of the Unfair Competition Law, Business and Professions Code section 17200, *et seq.*; (2) violation of the False Advertising Law, Business and Professions Code section 17500, *et seq.*; (3) violation of the Environmental Marketing

Claims Act, Business and Professions Code section 17580, *et seq.*; and (4) violation of the Consumer Legal Remedies Act, Civil Code section 1750, *et seq.  Id.* ¶¶ 192–251.  Plaintiff seeks injunctive relief, declaratory relief, restitution, disgorgement, punitive damages, attorneys' fees and costs, and other equitable recovery deemed "just and proper."  *Id.* at Prayer ¶¶ A–L.

4.      Plaintiff alleges that she is a resident of California, Compl. ¶ 15, and purports to represent a putative Class comprised of "[a]ll persons residing in California who, during the applicable limitations period through the earlier of (i) the date on which Defendant ceases the deceptive representations, omissions, or misleading partial disclosures alleged herein, or (ii) the date of class certification, purchased Driscoll's Strawberries for personal, family, or household use, and not for resale."  *Id.* ¶ 178.  Plaintiff alleges the class members "are believed to consist of potentially millions of consumers nationwide."  *Id.* ¶ 186.

5.      Copies of all other processes, pleadings, and orders served on Defendant are attached together at **Exhibit E**.

6.      To Driscoll's knowledge, Exhibits A through C constitute the entire state court file in this matter.

**II.      DRISCOLL'S REMOVES THE CASE TO THIS COURT**

7.      As required by 28 U.S.C. § 1446(b), Driscoll's is filing this Notice of Removal well within thirty (30) days of receipt and service of the Complaint, given that service occurred on July 8, 2026.   Driscoll's therefore timely filed this Notice of Removal.  *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347–48, 354 (1999); *see also Russo v. Fed. Med. Servs., Inc.*, 756 F. Supp. 3d 748, 755 (N.D. Cal. 2024).

8.      Venue is proper in this Court, as this is the Court for the district and division embracing the place where the action is pending in state court.  *See* 28 U.S.C. §§ 1441(a), 1446(a).

9.      Removal is proper as the Court has original jurisdiction over this dispute pursuant to 28 U.S.C. § 1332(d)(2).

10.      Pursuant to 28 U.S.C. § 1446(d), Driscoll's will serve a copy of this notice of removal upon Plaintiff's counsel, and a copy of this notice will be filed with the clerk of the Superior Court of the State of California for the County of Santa Cruz.

NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT
Case No.  3:26-cv-06961

III.    **DIVISIONAL ASSIGNMENT**

11.    Pursuant to Local Rules 3-5(b) and 3-2(e), this action should be assigned to the San Jose Division of the Northern District of California because this action arises in and is removed from Santa Cruz County.

IV.    **REMOVAL IS PROPER BECAUSE THE COURT HAS JURISDICTION UNDER THE CLASS ACTION FAIRNESS ACT**

12.    The Court has original jurisdiction over this case pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d)(2), and removal is therefore appropriate under 28 U.S.C. §§ 1441 and 1446.  This is a putative class action with more than 100 class members, minimal diversity exists, and the total amount in controversy exceeds $5 million in the aggregate, exclusive of interest and costs.  Although Driscoll's denies that Plaintiff—or the proposed Class she purports to represent—is entitled to the relief requested in her Complaint and denies Plaintiff's factual allegations, all requirements for jurisdiction under CAFA are readily satisfied here.

A.    **Plaintiff's Proposed Class Has More Than 100 Members**

13.    Plaintiff purports to represent a Class comprised of "[a]ll persons residing in California who, during the applicable limitations period through the earlier of (i) the date on which Defendant ceases the deceptive representations, omissions, or misleading partial disclosures alleged herein, or (ii) the date of class certification, purchased Driscoll's Strawberries for personal, family, or household use, and not for resale."  Compl. ¶ 178.  Although Plaintiff maintains that "the exact number of Class members cannot be determined without discovery," Plaintiff alleges "they are believed to consist of potentially **millions of consumers** nationwide."  *Id.* ¶ 186 (emphasis added). Plaintiff maintains that the Class is "so numerous that joinder of all members is impracticable."  *Id.*

14.    Accordingly, based on Plaintiff's own allegations, the numerosity requirement for jurisdiction under CAFA is satisfied.  28 U.S.C. § 1332(d)(5)(B).

B.    **Diversity of Citizenship Requirement Is Met**

15.    Under CAFA, a party seeking removal must show that minimal diversity exists—*i.e.*, that one putative class member is a citizen of a state different from any defendant.  28 U.S.C. § 1332(d)(2); *United Steel, Paper & Forestry, Rubber, Mfg., Energy, Allied Indus. & Serv. Workers*

3

*Int'l Union, AFL-CIO, CLC v. Shell Oil Co.*, 602 F.3d 1087, 1090–91 (9th Cir. 2010) (holding that to achieve its goals, CAFA gives expanded diversity jurisdiction for class actions that meet the minimal diversity requirement set forth in 28 U.S.C. § 1332(d)(2)).

16.    Here, Plaintiff alleges only that she is a *resident* of California, Compl. ¶ 15, not a citizen, and seeks to represent "[a]ll persons **residing** in California" who made certain purchases over an extended time period. *Id.* ¶ 178 (emphasis added).  But residency is not the equivalent of citizenship, which is determined by domicile. *King v. Great Am. Chicken Corp.*, Inc., 903 F.3d 875, 879 (9th Cir. 2018) (finding plausible that purported class members "were citizens of other states even if they temporarily had a residential address in California, such as an out-of-state student working while attending college in California").  And Plaintiff herself acknowledges the Class "consist[s] of **potentially millions of consumers nationwide**."  *Id.* ¶ 186 (emphasis added). Therefore, according to Plaintiff's own class definition and allegations, more than one—and potentially millions—of class members are not citizens of California.

17.    Driscoll's is a corporation organized under the laws of California with headquarters in Watsonville, California.  Compl. ¶ 17.

18.    Because at least one member of the proposed Class is a citizen of a State other than California, and Defendant is a citizen of California, the minimal diversity requirement is satisfied. 28 U.S.C. § 1332(d)(2).

**C.    The Amount in Controversy Exceeds $5 Million**

19.    Claims of the individual members in a class action are aggregated to determine if the amount in controversy exceeds $5 million, exclusive of interest and costs.  28 U.S.C. § 1332(d)(6). Where plaintiff fails to allege an exact amount in controversy, a defendant's notice of removal must simply include "a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co. v. Owens*, 573 U.S. 81, 89 (2014).

20.    While Driscoll's denies Plaintiff's factual allegations and denies that Plaintiff or the putative Class are entitled to any of the requested relief, it is facially apparent that the allegations in the Complaint put more than $5 million in controversy. *See Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997) ("The district court may consider whether it is 'facially

apparent' from the complaint that the jurisdictional amount is in controversy."). Plaintiff seeks injunctive relief, declaratory relief, restitution, disgorgement, punitive damages, attorneys' fees and costs, and other equitable recovery deemed "just and proper." Compl. at Prayer ¶¶ A–L. Each of these forms of relief must be considered in calculating the amount in controversy.

21. As to her claims for disgorgement and restitution, Plaintiff asserts that she, along with the proposed Class which she alleges "consist[s] of potentially millions of consumers nationwide," Compl. ¶ 186, paid "premium prices for the Strawberries" and that the alleged misrepresentations, misleading partial disclosures, and omissions "cause[d] consumers like Plaintiff and the Class members to purchase the Strawberries they would not have"—or "for which they would not have paid a premium price"—"if the true quality and nature of the Strawberries were disclosed[.]" *Id.* ¶¶ 155–56. Read together, these allegations plausibly place in controversy the full amount "potentially millions of" Class members paid for the Strawberries, which would far exceed the $5 million threshold. *See Lokey v. CVS Pharmacy, Inc.*, No. 20-CV-04782-LB, 2020 WL 5569705, at *4 (N.D. Cal. Sept. 17, 2020).

22. Plaintiff defines the purported Class as including all individuals residing in California who purchased Driscoll's Strawberries anywhere in the world. Compl. ¶ 178. During this multi-year period, Driscoll's had far more than $5 million in sales of conventional Strawberries in California, let alone throughout the United States and internationally. *See* Declaration of Casey Rose, attached hereto as **Exhibit F**, ¶¶ 3–5. An undisputed declaration attesting to such sales is sufficient to establish the CAFA amount in controversy. *Watkins v. Vital Pharm., Inc.*, 720 F.3d 1179, 1181 (9th Cir. 2013).

23. Moreover, in addition to refunding "potentially millions of consumers nationwide" for the full price of Strawberries purchased, Plaintiff seeks an unspecified amount of punitive damages, Compl. at Prayer ¶ J; injunctive relief requiring Driscoll's to cease selling the Strawberries until certain measures are undertaken, *id.* ¶¶ C–D; an order requiring Driscoll's to engage in a corrective marketing campaign, *id.* ¶ E; and their attorneys' fees.

24. Accordingly, the Complaint makes clear that well more than $5 million is in controversy.

### D.    CAFA Exceptions Do Not Apply

25.    CAFA contains three exceptions to federal jurisdiction, none of which apply here. The local controversy exception requires, among other things, that more than two-thirds of the proposed class members be citizens of the State in which the action was originally filed.  28 U.S.C. § 1332(d)(4)(A).  The mandatory home state exception similarly requires, among other things, that two-thirds or more of the proposed class members and the primary defendants be citizens of the forum State.  28 U.S.C. § 1332(d)(4)(B).  The discretionary home state exception applies where, among other required circumstances, more than one-third but fewer than two-thirds of the proposed class members and the primary defendants are citizens of the forum State, and only if the totality of the circumstances so warrants.  28 U.S.C. § 1332(d)(3).

26.    As a threshold matter, it is Plaintiff's burden to prove that an exception applies, *Serrano v. 180 Connect, Inc.*, 478 F.3d 1018, 1024 (9th Cir. 2007). Among other reasons, Plaintiff's own allegations regarding the proposed Class foreclose any CAFA exception.  Plaintiff does not limit the class to California citizens and, indeed, alleges that the Class consists of "potentially millions of consumers nationwide." Compl. ¶ 186.  Plaintiff's residency-based class definition with millions of members nationwide cannot establish the citizenship showing required for any CAFA exception.  *King*, 903 F.3d at 879 (finding residents of state not equivalent to citizens of state for CAFA diversity jurisdiction purposes).  A class definition based on California residency—encompassing "potentially millions of consumers nationwide" and spanning a multi-year period where even purported class members who were citizens of California at the time of purchase may have since become a citizen of another state—does not, standing alone, establish the citizenship composition required for any CAFA exception.  *See Mirmalek v. Los Angeles Times Commc'ns LLC*, No. 3:24-CV-01797-CRB, 2024 WL 2479940, at *3–5 (N.D. Cal. May 23, 2024) (denying remand under the CAFA exceptions, because it could not be determined that two-thirds (or even one-third) of class members were California citizens where the plaintiff's defined class included all residents, not citizens, of California who accessed the defendant's website in California, even where the plaintiff demonstrated that the defendant's newspaper, the LA Times, primarily serves a California audience); *King*, 903 F.3d at 879–80; *Mondragon v. Cap. One Auto Fin.*, 736 F.3d 880,

884 (9th Cir. 2013) (observing that a class covering a five-year span would likely include "at least some purchasers who were California citizens at the time of purchase [but] subsequently moved to other states").

27.     Finally, and among other reasons, the totality of the circumstances does not warrant remand, particularly where four plaintiffs from other states—who are represented by the same counsel as Plaintiff Washington—recently filed in this Court a nearly identical class action against Driscoll's that copies and pastes large swaths of allegations from the Complaint.  *See Berlinger, et al. v. Driscoll's, Inc.*, No. 5:26-cv-06444 (filed June 26, 2026).  Adjudicating this litigation in the Northern District of California provides meaningful efficiencies for the Court and the parties and will prevent conflicting rulings across multiple forums.  *See, e.g.*, *Anderson v. Seaworld Parks & Ent., Inc.*, 132 F. Supp. 3d 1156, 1168–69 (N.D. Cal. 2014) (denying remand of state court class action where multiple similar actions were already pending in federal court, and observing that remand would "effectively strip[ ] the federal jurisdiction required in already pending cases" through issue preclusion).

## V.     <u>CONCLUSION</u>

28.     Based on the foregoing, removal is proper to this Court, and Driscoll's hereby removes this case to the United States District Court for the Northern District of California under 28 U.S.C. §§ 1332(d), 1441(a), 1446, and 1453.  Driscoll's preserves any and all defenses to the Complaint and requests that all further proceedings in this action be conducted in this Court.

Date: July 8, 2026

**WILLKIE FARR & GALLAGHER LLP**

By:   */s/ Nicholas Reddick*
Nicholas Reddick

Nicholas Reddick (SBN 288779)
Erica S. Miranda (SBN 325188)
333 Bush Street, 34th Floor
San Francisco, CA 94104

*Attorneys for Defendant*